UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITIZENS SECURITIES,
INC.,

                                             Case No. 2:24-cv-13017

              Plaintiff,                  Honorable Anthony P. Patti

v.

ARMIN HRNCIC,

              Defendant.

_____/

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER & DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF No. 3), and GRANTING IN PART PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY IN SUPPORT OF ITS APPLICATION FOR INJUNCTIVE RELIEF (ECF No. 4)

### A.    Background

As the opening paragraph of this lawsuit between Citizens Securities, Inc. ("Citizens") and Armin Hrncic ("Hrncic") states: "This is an action for a temporary restraining order and a preliminary injunction to maintain the status quo pending resolution of an arbitration proceeding between Citizen[s] and Hrncic that is being filed concurrently with Financial Industry Regulatory Authority ("FINRA") Dispute Resolution."  (ECF No. 1, ¶ 1.)  The dispute "arises out of Hrncic's resignation from Citizens on October 25, 2024, and the immediate commencement

of his employment with competitor firm Ameriprise Financial Services, LLC

("Ameriprise")."  (ECF No. 1, ¶ 2.)  Plaintiff brings causes of action for:  (1)

breach of contract; (2) misappropriation of trade secrets in violation of the Defend

Trade Secrets Act (DTSA) – 18 U.S.C. §§ 1836, *et seq.*; (3) misappropriation of

trade secrets in violation of the Michigan Uniform Trade Secrets Act (MUTSA) –

Mich. Comp. Laws §§ 445.1901, *et seq.*; (4) unfair competition; (5) tortious

interference with business relationships and/or expectancies; and, (6) conversion.

(ECF No. 1, ¶¶ 57-83.)

### B.    Pending Matters

The parties have consented to my authority to conduct all proceedings in this

case.  (ECF Nos. 10, 11.)  Currently before the Court are two motions:  (1)

Plaintiff's motion for a temporary restraining order (TRO) and preliminary

injunction (PI) (ECF No. 3), as to which Defendant has filed a response and

declaration (ECF Nos. 8, 9); and, (2) Plaintiff's motion for expedited discovery in

support of Plaintiff's application for TRO and PI (ECF No. 4), as to which

Defendant has filed a response (ECF No. 12) and Plaintiff has filed a reply (ECF

No. 14).

On November 22, 2024, Attorneys Matthew Henneman (Plaintiff) and

Brandon Taaffe (Defendant) appeared for a video motion hearing (ECF No. 15),

and, following oral argument, the Court issued its ruling on the record.

### C.    Discussion & Order

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>:

> **1.    Plaintiff's motion (ECF No. 3) is DENIED to the extent it seeks a TRO and is DENIED WITHOUT PREJUDICE to the extent it seeks a PI.**

Citizens contends it "has the express right to seek temporary injunctive relief before a court of competent jurisdiction pending the outcome of arbitration before a full panel of duly-appointed arbitrators pursuant to Rule 13804 of the Code of Arbitration Procedure for Industry Disputes of the Financial Industry Regulatory Authority ("FINRA")."  (ECF No. 3, PageID.75 ¶ 2, 79 n.1.)  *See also* https://www.finra.org/rules-guidance/rulebooks/finra-rules/13804 ¶ a (ECF No. 3-1).  Under the FINRA rules, "[t]he term 'temporary injunctive order' means a temporary restraining order, preliminary injunction or other form of *initial*, temporary injunctive relief."  *See* https://www.finra.org/rules-guidance/rulebooks/finra-rules/13100 ¶ ff (emphasis added).

Injunctions and restraining orders are governed by Fed. R. Civ. P. 65. Preliminary injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  *Overstreet v. Lexington–Fayette Urban County Government*,

305 F.3d 566, 573 (6ᵗʰ Cir.2002).  In determining whether to issue a TRO or a PI, the Court considers:  "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay."  *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quoting *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)).  *See also DV Diamond Club of Flint, LLC v. United States Small Bus. Admin.*, 459 F. Supp. 3d 943, 954 (E.D. Mich. 2020) and *Overstreet, supra*.

> **a.    Whether Citizens has a strong likelihood of success on the merits?** [1]

This factor presently favors Defendant.  Plaintiff's offerings are based on circumstantial or inadmissible (*e.g.*, hearsay, double-hearsay, conjecture) evidence. (*See*, *e.g.*, ECF No. 1-2 [Rand Affidavit]; ECF No. 1-6 [Client B]; ECF No. 1-7 [Dagastino Declaration].)  As Defendant states in response to Plaintiff's discovery motion, "Plaintiff has not provided a single declaration by a client stating that they had been solicited by the Defendant in this case. Plaintiff has not shown a single

---

[1] In two different places, Plaintiff's motion erroneously refers to this factor as "a reasonable likelihood of success on the merits[,]"  including an inaccurate attribution to this language in *Kelly Services v. Eidnes*, 530 F. Supp. 2d 940, 949 (E.D. Mich. 2008) (*See* ECF No. 3, PageID.84-85 ¶ 15; *id*., PageID.102.)

shred of evidence indicating that Defendant is in possession of any Citizens confidential or trade secret information whatsoever." (ECF No. 12, PageID.905.)

By comparison, Defendant's declaration (ECF No. 9), contains a robust amount of pertinent factual information, and, in all or nearly all instances, rebuts Plaintiff's offerings with more innocuous or neutral explanations as to his activities. Indeed, Defendant attached to his own declaration the declarations of 34 "clients stating that they have not been solicited in any way." (ECF No. 8, PgaeID.165; ECF No. 9-3.) The Court is not of the view that it has strong evidence of Defendant utilizing trade secrets that only would have been known to the Defendant through his employment at Citizens, or of Defendant's solicitation of Plaintiff's clients, even if both are arguable. Therefore, the Court does not believe that Plaintiff has shown a strong likelihood of success on the merits.

### b. Whether the movant would suffer irreparable injury absent a stay?

This factor favors Defendant, for a multitude of reasons. First, notwithstanding the employment agreement language regarding irreparable injury (*see* ECF No. 1-3, PageID.60 ¶ 10g), a breach of a contract is far from proven on non-solicitation, and, in any case, the Court is not bound by the acknowledgement in the contract that a breach could result or that damages may be insufficient. *See, e.g., Nexteer Auto. Corp. v. Korea Delphi Auto. Sys. Corp.*, No. 13-CV-15189,

2014 WL 562264, at *9 (E.D. Mich. Feb. 13, 2014) (Steeh, J.) ("Nexteer is not

relieved of its obligation to prove irreparable harm by contractual provision . . . .").

Second, the Court declines to presume irreparable harm in the absence of

clear evidence, even if arguable, of irreparable harm. Here, "it is not at all clear to

the Court that a trade secret has been misappropriated, and thus the Court will not

presume irreparable harm." *Baker Hughes, Inc. v. S&S Chem., LLC*, No. 1:14-CV-

531, 2014 WL 12905888, at *3 (W.D. Mich. July 1, 2014).

Third, as Defendant explains, he "is a single advisor in a small bank branch

in St. Clair Shores, Michigan." As such, it is less likely that Defendant would

inflict irreparable harm upon Citizens. (ECF No. 8, PageID.168.) Put another

way, this is not a mass movement of financial advisors, which would increase the

likelihood of irreparable harm.

Fourth, if there is a loss of business by Citizens, it is calculable by monetary

calculation. *See*, *e.g.*, *Morgan Stanley DW, Inc. v. Frisby*, 163 F. Supp. 2d 1371,

1376 (N.D. Ga. 2001) ("Any loss Morgan Stanley might suffer as a result of

Defendants' departure is calculable.") (citation omitted). This industry is fluid in

nature. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Brennan*, No.

1:07CV475, 2007 WL 632904, at *2 (N.D. Ohio Feb. 23, 2007) ("[B]rokers

routinely switch firms and take their client lists with them.").

Finally, the Court recognizes that not all harm – *e.g.*, customer good will, reputation, remaining employee morale and efforts expended to protect trade secrets – is capable of being addressed with monetary damages.  Nonetheless, Citizens has "failed to demonstrate that they will *actually* lose customer goodwill if an injunction does not issue." *Baker Hughes, Inc. v. S&S Chem., LLC*, No. 1:14-CV-531, 2014 WL 12905888, at *4 (W.D. Mich. July 1, 2014).  "Whether or not the loss of customer goodwill amounts to irreparable harm often depends on the significance of the loss to the plaintiff's overall economic well-being." *Nexteer Auto. Corp.*, 2014 WL 562264, at *10.  Thus, as discussed on the record, the fact that some of Defendant's clients have switched and some have not (*i.e.*, approximately 1/6 of the clients Defendant actually serviced actually switched) does not establish likely success on the merits or irreparable harm. (*See* ECF No. 8, PageID.150-151, 170.)

### c.    Whether granting the stay would cause substantial harm to others?

This factor favors Defendant.  Among the many allegations in Defendant's declaration, he states:  "I believe that the clients and I will be harmed if I cannot announce my new affiliation to them, especially because I have been informed by multiple clients that when they asked Citizens where I could be reached, Citizens refused to provide my clients with my new contact information.  In my resignation letter I specifically noted my new contact information at Ameriprise and requested

that Citizens provide it to my clients upon their request." (ECF No. 9, PageID.181 ¶ 27.) Defendant also declares: "Despite my request that Citizens provide my contact information to clients pursuant to FINRA Regulatory Notice 19-10, Citizens refuses to provide my clients with my new whereabouts and contact information. Citizens' misconduct is a blatant violation of FINRA Regulatory Notice 19-10 and impedes the clients' absolute right to work with the advisor of their choice." (*Id.*, PageID.181 ¶ 30.) Thus, Defendant has convincingly explained how he and the clients he has served or does serve could be harmed, even if the Court disregards the statements attributed to others as hearsay, while accepting Defendant's accounts for the non-hearsay purpose of explaining his own state of mind and concerns. (*See* ECF No. 8, PageID.153.) In sum, the prohibitive effect of a TRO would harm Defendant's own livelihood in establishing a new career at a different brokerage firm, could restrict the freedom of those who want to come over to Defendant at his new firm, and could potentially cause substantial harm to Defendant's new employer (*e.g.*, loss of clients).

### d. Whether the public interest would be served by granting the stay?

The public has an interest in choosing its own broker and/or brokerage firm. As Defendant persuasively argues, a TRO will negatively affect the freedom of a customer to do business with whomever he/she chooses. (ECF No. 8, PageID.172-174.) *See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. McCullen*, No. 95-

14329-CIV-PAINE, 1995 WL 799537, at *3 (S.D. Fla. Dec. 13, 1995) and, *Merrill Lynch, Pierce, Fenner & Smith Inc. v. de Liniere*, 572 F. Supp. 246, 249 (N.D. Ga. 1983). On the other hand, the public also has an interest in seeing that contractual obligations are enforced, which favors Plaintiff.

### e.    Order on Injunctive Relief

Balancing the factors, Plaintiff's motion is **DENIED** to the extent it seeks a TRO, but the motion is **DENIED WITHOUT PREJUDICE** to the extent it seeks a PI. The denial of the TRO request is based upon the inadequacy and weight of evidence, and Plaintiff is at a disadvantage on this point, as it has yet to have any discovery. While the Court does get a "whiff of smoke" from what Plaintiff has presented, it cannot go so far as to say that it sees evidence of an existing fire, or the size of the fire if there is one. Expedited discovery will permit exploration as to the genuineness of the "smoke" and its source, and allow the parties to present a fuller record to the Court if injunctive relief is actually warranted.

### 2.    Plaintiff's motion for expedited discovery in support of Plaintiff's application for TRO and PI (ECF No. 4) is GRANTED IN PART.

The Court finds good cause for expedited discovery. Accordingly, as framed by Plaintiff's prayer for relief (ECF No. 4, PageID.115), Plaintiff may:

1.    serve its first set of expedited written discovery requests to Defendant Armin Hrncic (*see* ECF No. 4-2 [Exhibit A]), namely Interrogatories 1-5, Requests for Production 1-5, and Requests for Admission 1-3;

9

> **2.** take a deposition in accordance with the deposition notice of Hrncic (*see* ECF No. 4-3 [Exhibit B]);
>
> **3.** serve a Subpoena to Produce Documents to Ameriprise (*see* ECF No. 4-4 [Exhibit C]), to: **(a)** include Request to Produce Nos. 1, 2, 4, 6, 8, 10, 11; **(b)** exclude Request to Produce Nos. 3, 5, 7, 9; **(c)** include Request to Produce No. 12, limited to account opening and account transfer documents; and, **(d)** include Request to Produce No. 13, except as to DeKiere;
>
> **4.** take a deposition in accordance with the Subpoena to the corporate representative of Ameriprise to Testify at a Deposition in a Civil Action (*see* ECF No. 4-5 [Exhibit D]), although, this Fed. R. Civ. P. 30(b)(6) deposition shall be limited in length to 3.0 hours and tailored in subject matter to the existing case and the rulings contained herein as to scope; and,
>
> **5.** take a deposition in accordance with the Subpoena to Tricia DeKiere, to Testify at a Deposition in a Civil Action (*see* ECF No. 4-6 [Exhibit E]), although it shall be limited in length to 2.5 hours and tailored in subject matter to the existing case.

Furthermore, as discussed on the record, Defendant may:  (1) take the depositions declarants Rand (*see* ECF No. 1-2), Dagastino (*see* ECF No. 1-7) and Barboza (*see* ECF No. 1-8); (2) seek all documents that they relied upon in putting together their declarations; (3) request all communications with the clients concerning Defendant's departure; and, (4) take a Fed. R. Civ. P. 30(b)(6) deposition.  The scope of these items should be similar to the scope of discovery permitted to Plaintiff.

Finally, the expedited discovery shall be completed by **January 17, 2025**, and any renewed motion for PI shall be filed by **February 14, 2025**, with briefing on the motion and the response each limited to 15 pages.

      **IT IS SO ORDERED.**

Dated:  November 28, 2024

                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE